UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LARCE SPIKES, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-8164 |
| DR. CASEY MCVEA, ET AL., Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the court is a motion *in limine* filed by Defendants Dr. Casey McVea, Paula Stringer, Robin Bowman, Lesley Wheat, and Wendy Seal ("Defendants") to exclude the testimony of Plaintiff's expert, Dr. Charles Ochello.[1] Plaintiff opposes the motion.[2] For the reasons that follow, Defendants' motion is **GRANTED IN PART**.

## BACKGROUND

Plaintiff Larce Spikes is a former inmate at the Rayburn Correctional Center in Angie, Louisiana. He alleges his broken hip went misdiagnosed as a pulled muscle for forty-three days, and that after undergoing an operation to mend his hip, the medical staff at Rayburn failed to provide him proper medical treatment, thereby exacerbating and prolonging his pain.[3] In total, Spikes alleges he was "subjected to nearly nine months of continuous deliberately indifferent medical care."[4]

Plaintiff's expert, Dr. Charles Ochello, provided his expert report on September 13, 2018.[5] In his report, Dr. Ochello outlines "that the named defendants responsible for providing care to Mr. Spikes failed to provide him with timely constitutionally adequate

---

[1] R. Doc. 70.
[2] R. Doc. 81.
[3] R. Doc. 21.
[4] R. Doc. 21 at 3.
[5] R. Doc. 70-4.

1

medical care and instead subjected him to continuous and deliberately indifferent medical care during his time at Rayburn Correctional Center."[6]

Defendants do not dispute that Dr. Ochello "may be an expert in emergency medicine and that standard of care in certain circumstances"[7] but move to exclude the testimony of Dr. Ochello on the grounds that his opinion that the Defendants were deliberately indifferent is an inadmissible legal conclusion.[8] In his opposition, Plaintiff does not dispute that Dr. Ochello cannot testify on an ultimate issue of law but proffers Dr. Ochello as a "general medical expert familiar with physician practice in diagnoses and post-operative care" who will "opine generally on adequacy of medical care."[9]

## **LAW AND ANALYSIS**

Federal Rule of Evidence 702 permits an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case."[10] Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[11]

While an expert witness is permitted to give his opinions on an "ultimate issue" of fact, assuming he is qualified to do so, he is not permitted to make credibility

---

[6] R. Doc. 70-4 at 1.
[7] R. Doc. 70 at 1.
[8] R. Doc. 70.
[9] R. Doc. 81 at 2-3.
[10] FED. R. EVID. 702.
[11] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597, 592–93 (1993)).

determinations or offer conclusions of law.[12] Federal Rule of Evidence 704 clarifies that an opinion is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact.[13] However, the Fifth Circuit has repeatedly held that Rule 704 does not authorize experts to render legal opinions or reach legal conclusions.[14] Moreover, testimony that tells the jury what conclusion to reach or merely states a legal conclusion is not helpful to the jury.[15]

The Fifth Circuit recognizes that deliberate indifference is a legal conclusion.[16] As a result, Dr. Ochella's opinion that certain conduct constituted deliberate indifference is an inadmissible legal conclusion. Dr. Ochella will not be permitted to testify that any of the defendants acted with deliberate indifference.

Because Plaintiff proffers Dr. Ochella as "a general medical expert familiar with physician practice in diagnoses and post-operative care"[17] who will "opine generally on [the] adequacy of medical care"[18] and Defendants do not dispute that Dr. Ochella "may be an expert in emergency medicine and that standard of care in certain circumstances,"[19]

---

[12] FED. R. EVID. 704.
[13] FED. R. EVID. 704.
[14] *See, e.g., Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1998); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *Owen v. Kerr-McGee*, 698 F.2d 236, 239 (5th Cir. 1983); *see also Lackey v. SDT Waste and Debris Servs.*, LLC, No. 11-1087, 2014 WL 3866465, at *7–8 (E.D. La. Aug. 6, 2014) ("It is the job of the Court—not the expert—to instruct the jury on the applicable law). *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").
[15] *See, e.g., Snap-Drape*, 98 F.3d at 197–98 (noting that certain expert reports improperly contained legal conclusions, which "would be of no assistance in making findings of fact"); *Metrejean v. REC Marine Logistics, L.L.C.*, No. 08-5049, 2009 WL 3062622, at *2 (E.D. La. Sept. 21, 2009) (citing *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("'Expert testimony that consists of legal conclusions cannot properly assist the trier of fact' in understanding evidence or determining facts in issue.")).
[16] *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Fortune v. McGee*, No. 2:12CV88-MTP, 2013 WL 4787351, at *9 (S.D. Miss. Sept. 6, 2013), aff'd, 606 F. App'x 741 (5th Cir. 2015) ("The issue of whether a defendant acted with deliberate indifference is a legal conclusion.") (citing *Davis v. Burks*, 98 F.3d 1338, 1996 WL 556791, *2 (5th Cir. 1996)).
[17] R. Doc. 81 at 2.
[18] R. Doc. 81 at 3.
[19] R. Doc. 70 at 1.

Dr. Ochella will be permitted to testify regarding the applicable standard of care and his opinion on whether any of the Defendants breached that standard of care.

## CONCLUSION

**IT IS ORDERED** that Defendants' motion *in limine*[20] is **GRANTED IN PART.**

**New Orleans, Louisiana, this 10th day of December, 2018.**

                                                    **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 70.